Derevensky v World Mkt. of N.Y. LLC (2024 NY Slip Op 50932(U))

[*1]

Derevensky v World Mkt. of N.Y. LLC

2024 NY Slip Op 50932(U)

Decided on July 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 19, 2024
Supreme Court, Kings County

Wendy H. Derevensky, Plaintiff,

against
World Market of New York LLC, WORLD MARKET LLC and COST PLUS WORLD MARKET, Defendants.

Index No. 506702/2023 

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
NYSCEF Document Numbers 17-22
Upon the foregoing papers and having heard oral argument, the within motion is determined as follows:
The motion by Plaintiff Wendy Derevensky seeking a trial preference based on CPLR 3403 (a) (4) is GRANTED. While Defendants do not oppose the motion for a preference, it is still up to the Court to decide if the motion for a preference is warranted. According to 22 NYCRR §202.25, "Notwithstanding the failure of any party to oppose the application, no preference shall be granted by default unless the Court finds that the action is entitled to a preference."
CPLR 3403 (a) (4) states that a case will be entitled to a preference "in any action upon the application of a party who has reached the age of seventy years." Plaintiff submitted a certification of birth, issued on April 13, 1989, which states her birth year to be 1954, but the month and date were blackened out (see NYSCEF Doc No. 19). Plaintiff filed the motion for a preference on May 10, 2024, so based on merely the year Plaintiff was born (1954), the Court is not able to discern whether Plaintiff is of seventy years of age because the Court does not know whether Plaintiff was born before or after May 10, 1954.
In Pak v Lancaster (55 Misc 3d 1218(A), 2017 NY Slip Op 50631 [Sup Ct, Queens County 2017]), a preference was denied without prejudice because Plaintiff did not submit any documents proving that they were of seventy years of age. Furthermore, in Requa v Apple Inc. (2013 WL 9839338, *1 [Sup Ct, NY County 2013]), "plaintiff moved for an Order pursuant to CPLR § 3403(a)(4), for a special trial preference on the ground that Plaintiff has reached the age [*2]of 70 years. In a decision dated May 17, 2013, this Court denied plaintiff's motion without prejudice with leave to renew on the ground that it was untimely." Afterwards, Plaintiff refiled the motion and complied with the Court's directive to explain the untimeliness, and the Court granted the motion for a preference. The actions of denying the motions without prejudice, in both cases, exemplifies the willingness of the Court to grant motions for a preference under CPLR 3403 (a) (4), as long as there is adequate proof (see Pak, 2017 NY Slip Op 50631; Requa, 2013 WL 9839338).
While the month and date were blackened out, upon further examination of NYSCEF Doc No. 19, the Court is able to extrapolate that Plaintiff is of seventy years of age because of the date on which the certificate of birth was originally filed. Plaintiff's certificate of birth was filed on April 23, 1954, meaning that Plaintiff must have been born before April 23, 1954. This reveals that Plaintiff was of seventy years of age by the time the motion for a preference was filed, May 10, 2024.
Thus, since the Court is able to determine that Plaintiff is seventy years of age, although the exact date of birth is unknown, Plaintiff's motion for a trial preference is GRANTED. CPLR 3403 (a) (4) has been complied with.
IT IS HEREBY ORDERED that counsel for Plaintiff, shall within 15 days from entry of this order, serve a copy of this order with notice of entry on all other parties and upon the Clerk of the Trial Support Office, who is hereby directed to place this case on the trial calendar at the head of said calendar except for actions in which a preference was previously granted.
E N T E R